Turley, J.
delivered the opinion of the court.
This bill of complainant charges, that complainant sold to one Zeno F. Harris, a tract of land; that it was conveyed to him by deed of bargain and sale, and his notes taken for the payment of the purchase money, which have never been paid, and that he is insolvent. That said Harris sold 190 acres of said tract of land to one Gardner Batte, but for what consideration complainants know not; that Harris conveyed said land by deed of bargain and sale to Batte, which deed purports to have been made in consideration of nineteen hundred dollars, but whether this amount, or any part thereof, has been paid by Batte is unknown to complainants. That the balance of said tract of land has been sold to one John Bradley, the terms of which are unknown to ihri complainant.
*336 The bill further charges that Bafte and Bradley, at the time made the purchase, had full knowledge that Harris had bought the land from the complainants, and that the purchase money was still due and unpaid, and prays that the land may be made liable therefor.
Batte answers and says, that it is true he bought the land from Harris, as charged in the bill, but denies that he knew at the time he purchased the land, or at the time he paid the purchase money, that lie had not paid the debt due by him to complainants for the land, of that he knew that Harris had purchased the land from the'm. He states, in his answer, “that he purchased the land from Harris for a full and fair consideration and paid the same.”
Bradley answers that he purchased fifty acres of the land iif dispute from Harris, and took his bond for title. It is agreed by the parties that Harris executed to complainants two notes for $625 each, which was the consideration for the purchase of the land in dispute, that $355 96 is all that has been paid on them, and that Harris died insolvent;
There is no question whatever as to the liability of that portion of the land purchased from Harris by Bradley, although he had no notice that the purchase money was unpaid, as he has nothing but an equitable title from Harris. The law is well settled that a vendor of land has a lien upon the land to receive the purchase money, unless he has taken other Collateral security therefor, and that this lien will be supported by a cdiirt of chancery against all persons but subsequent purchasers for a valuable consideration tvitbout notice. Bradley is not a subsequent purchaser, having Only a bond from' Harris to make him a deed of conveyance for the land at some' future period, the legal title remains in Harris, and is as much Subject to the complainant’s lien as if the bond had never been executed.
’ Batte claims to hold his portion of the land discharged from the lien j because he claims to be a subsequent purchaser without notice. To this two objections are taken: 1st. That his deed is not registered in time; and 2d. That he has not in his answer shown himself with sufficient certainty to have been a *337 subsequent purchaser for a valuable consideration without notice.
As to the first point, we are of opinion that the registration of a deed is not necessary to constitute a vendee a purchaser for a valuable consideration; it does not create a meré equity in the land, but an inchoate legal title, which may, by registration, be made perfect at any time, as has been determined by this court in the case of Vance vs. M’Nairy, 3 Yer. Rep. 171: Shields vs. Turner, 10 Yer. Rep. 1.
It being a legal title then, and supported by an equal equity, -it must prevail against a mere equity, which is all the law has reserved to the vendor of land when the land has been conveyed.
As to the second point, the practice of the court of chancery in England requires that a defendant shall plead the fact of his being an innocent purchaser, but such has not been the practice of our courts, and we are not willing now to adopt it; But allowing that an answer may stand for a plea in such cases, yet all the certainty required in the plea must be contained in the answer. Among many other requisites not now necessary to be noticed in order to constitute a good plea, the averment that the consideration money was bona fide and truly paid is absolutely necessary, and that the recital in the deed cannot be received in lieu thereof, is well settled. 2 Atkins, 244: 3 Atkins, 304, 814. What shall constitute a good averment of the payment of the purchase money? Shall it be as in this case, that a full and fair consideration has been paid? We think not. What constitutes a fair and valuable consideration must be judged of by the court, not by the defendant; he must state what he has paid, and then the court can judge whether he is a purchaser for a valuable consideration. Any other mode of proceeding wo'uld be to introduce a loose and unsafe form of equity' pleading and would be submitting too much to the-iuchecked consciences of men.
Upon this point it is admitted that the authorities are somewhat contradictory. Beames, in his treatise on equity plead¿ ing, 238, says, “pleas of this kind should aver the consideration and the actual payment of it. And in the case of Cantrell vs. Mamington, Finch’s Rep. 219, a plea was over *338 rule(J because it did not set forth the amount of the purchase money, nor to whom paid, in the case of Wagstaff vs. Read, 2 Ch. Cases, 156, it was held after long debate, that the plea should set forth the specific consideration paid by the vendee or "it would be bad,
in note 1st to Beames’ Pleas in Equity, page 238, it is said “that according to Moore vs. Mahew, 1 Ch. Ca. 34, S. C: 2 Freeman’s Rep. 175: and Day vs. Arundle, Hardress’ Rep. 510, the state of pleading in the reign of Charles II. was very relaxed on this point, Shirley and Faggs’ case, mentioned in Day vs. Arundle, is to be found in 1 Ch. Cases, and does not seem to correspond with the statement of it in Day vs. JlrundleJ’ These are all the cases that hold a contrary doctrine from that contended for in this case; they are, in the note quoted, spoken of with disapprobation by an able commentator, and we think with justice, .We prefer following the cases of Cantrell vs. Mammington and Wagstaff vs. Read, as being more consonant with that certainty which constitutes the beauty of both legal and equity pleading. The answer of the defendant Batte, then, is wholly insufficient to protect him against the lien of the complainant, as he has not brought himself within the provisions in favor of subsequent purchasers, not having shown what consideration he paid, or to whom.
The complainants are therefore entitled to the relief sought against the defendants, but inasmuch as the legal title to the fifty acres of land sold to Bradley is still in Harris, .it must be subjected in the first place, and if it d oes not pay the purchase money due the complainants, then the land sold to Batte mnst be charged with the remainder. The decree of the chancellor will be affirmed.
Decree affirmed.